HEARD APRIL TERM, 1876.

BUCKNER *vs.* RAILROAD COMPANY.

Where the owner of land which has been taken by a railroad company dies after the land has been appraised, but before the appraised value has been paid, the title passes to his heirs or devisees, together with the right to demand payment, and they alone, and not the executor, can maintain an action for the money ; and it makes no difference in such case that in the proceedings to obtain an appraisement a judgment was entered for the appraised value.

BEFORE FARMER, J., AT BEAUFORT, MARCH, 1872.

This was an action by Thaddeus G. Buckner, as executor of the last will and testament of Thomas W. Gillison, against the Savannah and Charleston Railroad Company.

The complaint alleged :

I. That on the          day of          , 1860, the Charleston and Savannah Railroad, being desirous of obtaining the right of way through the lands of Thomas W. Gillison, the plaintiff's testator, situate in Prince William's Parish, County and State aforesaid, called " Cotton Hall," instituted proceedings according to law, which resulted in an award by the jury in favor of the said Thomas W. Gillison, on the 30th of September, 1860, for the sum of $700.

II. That judgment was entered up on the said award, and execution issued thereon, on the day and year aforesaid.

III. That the said Charleston and Savannah Railroad Company never paid or tendered payment of the said judgment to the said Thomas W. Gillison in his lifetime, or to the plaintiffs since his death.

IV. That the said Charleston and Savannah Railroad Company, being unable to meet their engagements, their road and equipments were sold in the year 1866, and purchased by certain parties, who

formed a new company and obtained a new charter under the name and style of the Savannah and Charleston Railroad Company, and entered into possession of the road, and have continued in the use and occupation thereof until this time.

V. That the said Thomas W. Gillison in his lifetime, never executed, nor has the plaintiff or any one else executed, a conveyance or other instrument whatever, transferring or releasing the interest of the said Thomas W. Gillison in the land aforesaid set apart for the use of the Charleston and Savannah Railroad; and neither the said Thomas W. Gillison in his lifetime, nor the plaintiff since his death, have been paid for the same, or tendered payment by any one in whole or in part; and the plaintiff therefore is entitled to claim the delivery of the possession of the said premises, with damages for withholding the same, or to payment of the said sum of $700, awarded as aforesaid, and interest thereon.

VI. That the plaintiff has applied to the defendant for a settlement of this claim, but has been unable to obtain any satisfaction from them.

VII. That Thomas W. Gillison duly executed his last will and testament, whereof the plaintiff was appointed executor, and that he has duly qualified thereon.

VIII. Wherefore the plaintiff prays: That the said Savannah and Charleston Railroad Company may be adjudged to deliver to him possession of the said premises, and to pay damages for withholding the same, or to pay the plaintiff the award aforesaid, to wit, $700, with interest from the 30th of September, 1860, and costs, and that they may be enjoined from making use of the said land until said payment shall be made; and that such other and further relief may be granted as may be consistent with law and equity.

The defendant answered, denying the first, second, third and seventh paragraphs of the complaint.

His Honor the presiding Judge rendered judgment, as follows:

FARMER, J. The issues in this action having been brought on for trial at this term of the Court, and on hearing Messrs. Colcock and Hutson & Moore for the plaintiff, and R. DeTreville, Esq., for the defendant, and a verdict for the plaintiff having been duly rendered for twelve hundred and forty-four dollars and twenty-two cents:

It is adjudged that the plaintiff do recover against the said defendant the said sum of $1,244.22, and also for his costs and disbursements.

It is further adjudged and ordered that if the said defendant, the Savannah and Charleston Railroad Company, do not pay the said sum of $1,244.22, and also the said sum of to the plaintiff or his attorneys within sixty days from the date of this judgment, the said Savannah and Charleston Railroad Company, their agents and servants, be enjoined from entering upon the said lands described in the pleadings, to wit, the plantation called "Cotton Hall," belonging to the estate of the said Thomas W. Gillison, situated in Prince William's Parish, in the County of Beaufort and State aforesaid, and from running their cars, engines or trains upon, or in any way using so much or such parts of their track as passes through or over the said "Cotton Hall" plantation or any part thereof.

The defendants appealed on the following ground:

Because the facts stated in the complaint, and the law applicable to them, fail to establish any cause of action by the plaintiff against the defendants, and do establish that plaintiff is not entitled to either his verdict or to the extraordinary judgment thereon entered by His Honor Judge Farmer on the 5th March, 1872.

*Campbell & Seabrook*, for appellants:

1. This action is to compel the appellants to pay the alleged debt of another not a party to the case. There is no contract and no cause of action *ex contractu* between the parties here.

2. The appellants have whatever title to the land in question the Charleston and Savannah Railroad Company had—no more nor less. It has either a title in fee or no higher title than a possession only authorized by law.

3. This possession, as well as the respondent's rights, is protected by the special remedy provided by law, which remedy is not pursued in this case.

4. If the Charleston and Savannah Railroad Company had no title to the land, the appellants can have none derived from that

company, and must stand upon their chartered rights, and in that way acquire title, and they ask to be remitted to those rights.

*Colcock & Hutson,* contra:

The only difference between this case and the two cases of *W. D. Gillison,* appellant, vs. the *Savannah and Charleston Railroad Company,* and *T. H. Gregorie* vs. *the same,* recently decided in this Court, is that judgment was rendered against the Charleston and Savannah Railroad Company upon the award of the Commissioners who assessed the value of the right of way over the land of the plaintiff's testator.

The complaint alleges that neither payment nor tender was ever made by the defendent or the Charleston and Savannah Railroad Company; and the defendant makes no denial of this allegation in ·his answer.

It becomes necessary, therefore, only to refer to the decision of this Court in the two cases above mentioned, which covers all the points and authorities which appertain to the case at bar.

May 18, 1876.   The opinion of the Court was delivered by

WILLARD, A. J.   We held in *Gillison* vs. *Railroad* that where a railroad company authorized to acquire lands by an Act authorizing the appointment of Commissioners to appraise such lands, and declaring that "the lands and right of way so valued by the Commissioners shall vest in the said company in fee simple as soon as the valuation thereof may be paid or tendered and refused," proceeds in the manner pointed out by the statute and obtains an appraisal, and takes possession under such appraisal, but without paying the amount of such appraisal, the interest acquired by the company under such transactions is bound for the payment of such appraised value.   We held that such company is to be regarded as if in possession of lands under a contract to purchase the same without having paid the purchase money.   In this case the fee of the lands remains in the original owner, subject to the contract and right of possession under it.

We also held that a purchaser from the company of its property and franchises, succeeding it in the possession of the land, takes it subject to such obligation.   It follows, applying these rules to the present case, that the fee remained in T. W. Gillison, the former

proprietor, and at his death passed to his distributees by operation of law, who are entitled to receive the appraised value of the land. It is alleged that T. W. Gillison left a will appointing the plaintiff his executor, but it is not alleged that he made any disposition by his will of his real estate, or gave his executor any control over his land. Under these circumstances the executor shows no title to this money due according to the appraisal.

The fact that judgment was entered upon such appraisal cannot affect the right of the executor to sue. Assuming that such a judgment could be obtained, it would not affect the right of the heirs, or the devisees, should there have been a devisee of the lands by the will, to claim the benefit of it; for it would be regarded in equity as a security for the money, and would follow the right to demand such money.

The judgment should be set aside and the complaint dismissed.

*Moses,* C. J., and *Wright,* A. J., concurred.